UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

ARTHUR N. WOOLFORK,

               Defendant.

Case No. 2:19-cr-12
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Arthur N. Woolfork's pro se Motion for Compassionate Release, (ECF No. 46), as later supplemented by counsel. (ECF No. 47). The Government opposes release. (ECF No. 48). For the reasons stated below, Mr. Woolfork's pro se Motion for Compassionate Release, (ECF No. 46), as supplemented, (ECF No. 47), is **DENIED**.

## I.

On August 1, 2019, Mr. Woolfork pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), and (b)(1)(C), as well as being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and (a). (*See* ECF No. 34). This Court sentenced Mr. Woolfork to 65 months of imprisonment, minus time served. (ECF No. 43). Mr. Woolfork is currently serving that sentence at FCI Ashland and is predicted to be released on October 22, 2023. (ECF No. 47, at PageID #178). From the date of this order, roughly 33 months remain of Mr. Woolfork's 65-month term of imprisonment. Mr. Woolfork now asks this Court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Mr. Woolfork requests a compassionate release. He argues that the Court has the authority to order such a release because he has met the 30-day waiting requirement, his release is justified by extraordinary and compelling reasons, and the sentencing factors weigh in favor of his release.[1] (Supp. Mem. at PageID #181, 187, 188, ECF No. 47). Mr. Woolfork is 37 years old and asserts that his high blood pressure and pre-diabetes place him at increased risk from COVID-19 while incarcerated. (*Id.* at PageID #182). He also asserts that if his sentence is reduced to time served, he would be able to help care for his mother, who on dialysis. (*Id.* at PageID # 186–87).

The Government opposes Mr. Woolfork's request, arguing among other things that Mr. Woolfork has not demonstrated that extraordinary and compelling reasons warrant his release. (ECF No. 48, at 4). The Government points out that while the CDC states that diabetes increase

---

[1] Mr. Woolfork submitted a request for compassionate release to his Warden and it was denied on May 5, 2020. (ECF No. 47-1). Mr. Woolfork then waited to file his pro se Motion until December 10, 2020. (ECF No. 46). The Government does not argue that Mr. Woolfork has not satisfied the 30-day waiting requirement.

the risk of serious illness from COVID-19, Defendant does not have diabetes, but rather pre-diabetes. (*Id.* at 8). The Government continues that the CDC states that high blood pressure "might" increase the risk of serious illness but asserts that it is not a severe enough risk to be labeled as "extraordinary and compelling." (*Id.*). Lastly, the Government points out that Mr. Woolfork has not asserted that his mother's needs are in any way failing to be met. (*Id.* at 10). It thus argues that his desire to help with her care is not an extraordinary compelling reason for his release. (*Id.*).

When an inmate files a motion for compassionate release—as Mr. Woolfork has done here—the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9. In defining "extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety).

In this case, Mr. Woolfork has not demonstrated extraordinary and compelling reasons warranting a compassionate release. While the CDC has recognized that high blood pressure "might" increase the risk of serious illness, it has not done the same for pre-diabetes.[2] Moreover, Mr. Woolfork informs the Court that he previously tested positive for COVID-19 on December 1,

---

[2] CDC, *People with Certain Medical Conditions*, last updated Dec. 29, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

2020. (ECF No. 47-3 at PageID #197). The medical report assessed "no apparent distress" and Mr. Woolfork has not suggested that he experienced any serious symptoms. (*Id.*). In light of the totality of the medical circumstances presented, the Court does not find that the risk COVID-19 poses to Mr. Woolfork is an extraordinary and compelling reason for his release.

In addition, Mr. Woolfork has not demonstrated that his family circumstances are an extraordinary and compelling reason for his release. Mr. Woolfork's desire to help care for his mother is commendable. However, Mr. Woolfork has not indicated that his mother is currently receiving insufficient care, or that Mr. Woolfork's help is truly needed. Indeed, the record lacks any details concerning his mother's current care arraignments. (*See* ECF No. 46 at PageID #175; *see also* ECF No. 47 at PageID #186–87). Accordingly, here too the Court does not find an extraordinary and compelling reason for Mr. Woolfork's release.

**IV.**

For the reasons stated above, Mr. Woolfork's pro se Motion for Compassionate Release, (ECF No. 46), as supplemented, (ECF No. 47), is **DENIED**.

**IT IS SO ORDERED.**

**1/21/2021**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                            **EDMUND A. SARGUS, JR.**
                                                    **UNITED STATES DISTRICT JUDGE**